IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SCOTT NALL III, TAMMIE AKIN, )
and WICKLIFF MOORE, JR., )
)
    Plaintiff, ) No. 3:12-cv-00745
) Chief Judge Haynes
v. )
)
HOWARD INDUSTRIES, INC., )
d/b/a A to Z MUNI-DOT COMPANY, )
)
    Defendants. )

# MEMORANDUM

Plaintiffs, Scott Nall III and Tammie Akin, Tennessee citizens, and Wickliff Moore, a Kentucky citizen, filed this action under the federal diversity statute, 28 U.S.C. § 1332, against Defendant, Howard Industries, Inc., d/b/a A to Z Muni-Dot Company, a Mississippi corporation. Plaintiffs assert claims for breach of contract, promissory estoppel, and misrepresentation under state law arising out of Plaintiffs' prior employment with Defendant.

Before the Court is Defendant's motion to dismiss, or in the alternative, motion to transfer to the Southern District of Mississippi (Docket Entry No. 8), contending, in essence: (1) that all of the Defendant's operations are in Mississippi and Alabama; (2) that Mississippi, the Defendant's headquarters, is the situs of the material events; and (3) that all witnesses, records and documentary proof are outside of Tennessee. In response, Plaintiffs assert this district has substantial connections to Plaintiffs' claims. (Docket Entry No. 11). Defendant replies that transfer is necessary because Mississippi is the "center of gravity" and the locus of operative facts in this action. (Docket Entry No. 15).

1

## A. Analysis of the Motion

As to the nature of this controversy, Plaintiffs' complaint alleges that on October 1, 2009 Plaintiffs entered into a written agreement after Defendant "induced, influenced and persuaded them to resign from [their previous employment] . . . to come work for Defendant in Tennessee." (Docket Entry No. 18, Amended Complaint at ¶¶ 6-7). Plaintiffs allege that the contract terms are plain and contain a definite term for Plaintiffs' salaries through the 2012 calendar year. Id. at ¶ 8. According to Plaintiffs, Defendant agreed "to pay Plaintiffs Nall, Akin, and Moore $100,000, $65,000, and $100,000 per year, respectively, plus benefits." Id. at ¶ 9. Plaintiffs accepted the agreement and left their prior employment in reliance on Defendant's promises. Id. at ¶ 11. Thereafter, Plaintiffs worked as outside sales employees in Tennessee from September 29, 2009 until January 27, 2012. Id. at ¶ 12. Plaintiffs allege that "Defendant partially performed its Agreement with Plaintiffs and paid them at the salary and benefits rates . . . through December 31, 2011. . . . On January 8, 2012, Defendant breached its Agreement . . . refus[ing] to pay Plaintiffs at the rates it promised to pay them." Id. at ¶¶ 14-15. Plaintiffs allege that despite repeated requests for payment, Defendant refused to pay them and actually or constructively discharged the Plaintiffs. Id. at ¶ 15.

For their motion to dismiss or transfer, Defendant submitted the affidavit of Lonnie J. Hodnett, Defendant's vice president of sales and business development. (Docket Entry No. 8-1 at ¶ 1-2, Hodnett's Affidavit). Hodnett states:

> **5.** In addition to its corporate headquarters in Ellisville, Mississippi, Howard Industries maintains offices and/or manufacturing facilities in Ellisville, Mississippi, and A to Z maintains an office in Athens, Alabama.
>
> **6.** All corporate records, including employment records, pay records, written contract, and other miscellaneous legal documents pertaining to [Defendant] are retained and housed at the corporate headquarters in Ellisville, Mississippi.

***

    8. [Defendant] hired the Plaintiffs . . . in 2009. Mr. Nall's sales territory was central Tennessee and metro area Nashville. Ms. Akin's sales territory was chiefly the Atlanta metro region, but on occasion included Chattanooga, Tennessee. Mr. Moore's sales territory was the State of Kentucky, and north central and northeast Tennessee, and on approximately October 1, 2010, was changed to just the State of Kentucky.

    9. [Defendant's] Chief Executive Officer Billy W. Howard Sr. (located in Ellisville, Mississippi) and Vice-President Terry Ridgeway (located in Athens, AL) signed a written agreement memorializing the parties' understanding of the relationship on October 1, 2009 in Ellisville, Mississippi. . . . The original contract . . . is retained in Ellisville, Mississippi. The Plaintiffs all visited Ellisville, Mississippi to be hired and execute their employment documents.

(Docket Entry No. 8-1 at ¶¶ 5-9).

## B. Conclusions of Law

As to Defendant's challenge of improper venue, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Yet, under 28 U.S.C. § 1391, plaintiffs may file a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Id. § 1391(b). Under Fed. R. Civ. P. 12(b)(3), Plaintiff bears the burden of proving that venue is proper and the Court "may examine facts outside the complaint but must draw all reasonable

3

inferences and resolve factual conflicts in favor of the plaintiff." Stone Oak Investments, LLC v. Joseph Equip. Co., LLC, No. 3:09-cv-00869, 2010 WL 3292963, at *1 (N.D. Ohio Aug. 19, 2010).

Plaintiffs assert that venue is proper in this district because a substantial part of the events occurred in this district. Plaintiffs cite their work assignments in numerous Tennessee counties. (Docket Entry No. 11 at 3). Plaintiffs allege that Defendant persuaded Plaintiffs to work in Tennessee. Id. Plaintiffs next allege they received payment and mail from Defendant in Tennessee and maintained Defendant's business records and files in Tennessee. Id. Plaintiffs also allege they sent and received emails in Tennessee. Id. Thus, the Court concludes that "a substantial part of the events or omissions giving rise to the claim occurred" in Tennessee and venue in the Middle District of Tennessee is proper. Accordingly, dismissal or transfer is not mandatory under 28 U.S.C. § 1406(a).

As to Defendant's motion to transfer based upon convenience, 28 U.S.C. § 1404(a) provides for discretionary transfer: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented." Transfer under § 1404(a) is appropriate if the defendant establishes public and private factors that compel transfer, including: (1) access to witnesses and evidence; (2) availability of compulsory service of process; (3) cost of obtaining witnesses; (4) administration difficulties for the trial court; (5) local interest in the litigation; and (6) the law applicable to the controversy. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); see also Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009). Yet, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id. (citations omitted). The movant bears the burden of establishing the factors weigh in

favor of transfer. Clayton v. Heartland Res., Inc., No. 3:08-cv-0513, 2008 WL 2697430, at *3 (M.D. Tenn. June 30, 2008).

The "convenience of non-party witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis." Smith v. Kyphon, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008).

> The relevant considerations concerning this factor include the number of essential non-party witnesses, their location and the preference of courts for live testimony as opposed to depositions. Of course, the convenience of the witnesses factor should not devote into a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts; the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.

Id.

As to the convenience of witnesses and availability of evidence, Defendant contends that all of its witnesses would have to travel from Southern Mississippi as a result of Defendant's operations being located in Laurel and Ellisville, Mississippi. (Docket Entry No. 8 at ¶ 1(A)). In response, Plaintiffs contend that:

> [Plaintiffs] are all much closer to this Court than to the Southern District of Mississippi. . . . Plaintiff Nall lives in Franklin, Tennessee. Plaintiff Akin lives in Whitwell, Tennessee. She is approximately 122 from this Court, but approximately 373 miles from the Southern District of Mississippi. Plaintiff Moore lives in Lexington, Kentucky and is approximately 212 miles from this Court, but approximately 611 miles from the Southern District of Mississippi.

(Docket Entry No. 11 at 6). Plaintiffs next assert that Defendant's "own material witness and Plaintiff's former immediate supervisor who signed the 'Contract Agreement' with Plaintiffs, Terry Ridgeway, lives and works in Athens, Alabama. . . . approximately 100 miles from this Court, but . . . 302 miles from the Southern District of Mississippi." Id. at 6. The Court concludes that this

factor weighs against a transfer based upon the convenience of the witnesses.

As to the location of the documentary evidence, "the location of documents and business records is given little weight, unless said documents 'are so voluminous that their transport is a major undertaking.'" Ilight Techs. v. Marktech Int'l Corp., No. 2:09-0092, 2010 U.S. Dist. LEXIS, at *7 (M.D. Tenn. May 10, 2010). Defendant next contends that all of the records and documentary proof in this action is located in Laurel, Mississippi. Id. at ¶ 1(B). These records include employment records, pay records, written agreements, and other various documentary evidence. Id. Defendant also contends that Plaintiff's evidence will also be scattered outside of Tennessee, albeit some of Plaintiff's evidence and witnesses are located in Tennessee. Yet, Plaintiffs assert that "there is no evidence or indication that transporting or producing documents in this district would be unduly burdensome or unreasonable." (Docket Entry No. 11 at 7). Because this action does not involve "voluminous" documents and records, the Court concludes that this factor weighs against transfer.

As to the local interest in the litigation, Defendant contends that Mississippi is the "situs of material events" in this action "because any business decision by [Defendant] relating to the alleged breach of obligations would have been made at [Defendant's] headquarters in Laurel, Mississippi. (Docket Entry No. 8 at ¶ 1(C)). In addition, Defendant asserts that all of the Plaintiff's signed their agreements with Defendant in Ellisville, Mississippi. Id. Defendants argue that Mississippi is the center of the dispute, and the only location all of the parties have in common, citing:

> • all three Plaintiffs worked for the same Mississippi company, traveled to Ellisville, Mississippi to execute the same agreement, adhered to the same policies implemented and decided upon in Mississippi, and reported to the same supervisor whom took his direction from the Company's headquarters in Mississippi;
>
> • All written documentation, including the original contract for which the Plaintiffs are suing the Defendant for allegedly breaching, and personnel files for the Plaintiffs,

are located in Mississippi.

(Docket Entry No. 15 at 3). The Court concludes that this factor favors a transfer to the Southern District of Mississippi.

As to the law applicable to the controversy, "[a] federal court exercising its diversity jurisdiction must apply the choice-of-law rules of the state in which it is located." Yang Ming Marine Transport Corp. v. Intermodal Cartage Co., Inc., 685 F. Supp. 2d 771, 779 (W.D. Tenn. 2010). In a breach of contract action, Tennessee law is that, "in the absence of an enforceable choice-of-law provision, Tennessee adheres to the rule of *lex loci contractus*. Thus, when the dispute involves questions concerning rights and obligations under a contract, the court applies the law of the state where the contract was made, absent a contrary intent." Id. Under Mississippi choice of law rules, Mississippi adopts the "'center of gravity" test under "which the court applies the substantive law of the state that has the most substantial contacts with the parties and the subject matter of the action." Employers Mut. Cas. Co. v. Lennox Intern., Inc., 375 F. Supp. 2d 500, 503 (S.D. Miss. 2005).

Defendant argues that under Tennessee law "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." (Docket Entry No.15 at 2). Defendant contends that because Plaintiff executed the contract in Mississippi that Tennessee choice of law principles require Mississippi law to govern this action. Id. Thus, a transfer to the Southern District of Mississippi is warranted. Id. "The agreement referenced in Plaintiff's complaint did not contain a forum selection clause and the Plaintiffs do not dispute that they executed their employment agreement in Ellisville, Mississippi." Id. The Court concludes that, based upon the allegations that the contract was negotiated and signed in Mississippi, this factor favors a transfer.

Yet, a district court's familiarity with a state's law does not warrant total deference to that court. See Salve Regina College v. Russell, 499 U.S. 225, 231-35 (1991).

## C. Conclusion

Upon consideration of all factors, the Court concludes that any burdens of this litigation are equally divided for the parties. In such an instance, Plaintiffs' choice of forum should be honored. "In determining whether a case should be dismissed on grounds of forum non conveniens, a district court must apply a strong presumption in favor of a plaintiff's selected forum, particularly if the forum is the home of the plaintiff, because 'it is reasonable to assume that this choice is convenient.'" Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V., 629 F.3d 520, 523 (6th Cir. 2010) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981)). Accordingly, Defendant's motion to transfer (Docket Entry No. 8) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 28th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court